**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RYAN A. LINGFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-1623-ACL |
| | ) |
| DARREN KLEMP, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Ryan A. Lingford, prison registration number 1182481, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.20. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing average monthly deposits in the amount of $11.00, and an average monthly balance of $7.79. The Court will therefore assess an initial partial filing fee of $2.20, which is twenty percent of plaintiff's average monthly deposits.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against correctional officers Darren Klemp and Ryan Hanna, and Warden Teri Lawson. He avers he sues all three defendants only in their official capacities. Plaintiff's claims arose while he was incarcerated in the Farmington Correctional Center ("FCC"). He can be understood to claim Klemp and Hanna are liable to him because they used excessive force against him, and that Lawson is liable to him because she is responsible for FCC employees and failed to remedy the situation. In support, he alleges as follows.

On the morning of July 13, 2020, plaintiff "got in trouble for flooding my cell." Klemp and Hanna "made a false judgment and said [plaintiff] was making an act of suicidal attempts with [his] face in the toilet." The officers entered plaintiff's cell, and Klemp hit plaintiff on his side. Hanna sprayed plaintiff with pepper spray. Plaintiff was then slammed to the ground, he "received numerous knees to [his] body," and Klemp slammed his head on the wall. Plaintiff insists he has never engaged in suicidal acts, and claims "the officers" committed the foregoing wrongdoing to harass him and retaliate against him for filing complaints. Plaintiff avers he sues Lawson because she is in charge of all FCC employees and "[t]he issue was brought to her attention" and she "failed to address the problem or try to fix the harassment or retaliation towards me in the prison."

Plaintiff claims he suffered a back injury and nerve damage. He also claims he suffers from nightmares and post-traumatic stress disorder. He seeks monetary relief in the amount of $250,000.

3

He also asks the Court to order him immediately paroled, and he states he wishes to be paroled to live in the State of Kansas. However, he also asks the Court to order his transfer to a different prison, or order his placement in protective custody or in a single cell.

## Discussion

The complaint is subject to dismissal because it fails to state a claim upon which relief may be granted against Klemp, Hanna and Lawson in their official capacities. Official-capacity suits represent another way of pleading an action against the entity of which the officer is an agent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (1985)). Here, plaintiff avers all three defendants are employed by the MDOC. Therefore, plaintiff's claims against them are assumed to be claims against the MDOC, a state agency. *See id.; see also Walker v. Mo. Dep't of Corr.,* 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing MDOC as state agency)*; Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). However, plaintiff has failed to allege sufficient facts to state such a claim. *See Graham*, 473 U.S. at 166. Additionally, to the extent plaintiff seeks relief other than prospective injunctive relief, his official capacity claims against the defendants would be barred by the Eleventh Amendment. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

Additionally, plaintiff's claims against Lawson appear to sound in respondeat superior. Such claims are not cognizable in an action brought pursuant to § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). While plaintiff indicates Lawson failed to act after somehow becoming aware of an unspecified issue at an unspecified time, he alleges nothing tending to show she did or failed to do something that caused a violation of plaintiff's constitutional rights. "[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal

involvement." *Reynolds v. Dormire,* 636 F.3d 976, 981 (8th Cir. 2011) (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)).

As an additional matter, the Court notes that federal habeas corpus, not § 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Additionally, plaintiff has no constitutional right to placement in any particular prison facility, *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985), and he alleges no facts permitting the inference that his current cell placement subjects him to conditions posing a substantial risk of serious harm.

The Court will not dismiss this action at this time, and will instead give plaintiff the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain

5

statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent *pro se* litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

6

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. There is no indication this case is legally or factually complex, or that plaintiff will be unable to investigate the facts or clearly present his claims. Also, the motion is premature. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Finally, plaintiff has filed a motion asking that a hearing be scheduled to allow him to appear in Court and explain and address his complaint. He avers he intends to ask the Court to consider ordering his release on parole to the custody of his mother, and that he be "suspended/barred from the State of Missouri." Plaintiff is not entitled to a hearing at this time, and the motion is otherwise nothing upon which relief may be granted. It will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.22 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

7

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing (ECF No. 8) is **DENIED**.

Dated this 12th day of February, 2021.

*abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE