UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN A. LINGFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-1623-ACL |
| | ) |
| DARREN KLEMP, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Ryan A. Lingford, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons discussed below, the Court will dismiss defendants "Employees of Farmington Corr. Ctr.," and will direct that service of process be effected upon defendants Darren Klemp and Ryan Hanna.

### Legal Standard on Initial Review

This Court must review a complaint filed *in forma pauperis*, and must dismiss it in whole or in part if, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against correctional officers Darren Klemp and Ryan Hanna. He also indicated an intent to name defendants identified only as "Employees of Farmington Corr. Ctr." Plaintiff sues Klemp and Hanna in their individual capacities. He does not indicate the capacity in which he sues the fictitious defendants. He alleges as follows.

On July 13, 2020, Klemp hit plaintiff with his hands and knees and slammed him to the ground, both before and after he was restrained in handcuffs, and Hanna sprayed plaintiff with "a full spray of [illegible] pepper spray." Plaintiff filed complaints, and Klemp and Hanna retaliated by leveling a false accusation against him. In setting forth his claims for relief, plaintiff does not mention the fictitious defendants.

Attached to the amended complaint are copies of pleadings and court records from the matter *Lingford v. Klemp,* No. 20SF-PN00414 (24th Jud. Cir. 2020). There, plaintiff unsuccessfully sought an order of protection against Klemp. Also attached is a copy of a response to plaintiff's Informal Resolution Request ("IRR"). After filing the amended complaint, plaintiff filed a supplemental document containing additional information about his use of the prison grievance procedure.

Plaintiff claims he suffered a back injury and nerve damage, and also suffers from nightmares and post-traumatic stress disorder. He seeks monetary relief from each defendant in the amount of $2,000, and he asks this Court to order him "Released from Missouri Dept of Corr. On parole to Kansas."

## Discussion

As the Court explained in its February 12, 2021 Memorandum and Order, federal habeas corpus, not 42 U.S.C. § 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Therefore, plaintiff may not seek parole or release from the Missouri Department of Corrections in this § 1983 action.

In the caption of the amended complaint, plaintiff wrote "Employees of Farmington Corr. Ctr." under Klemp and Hanna's names. It is not entirely clear whether plaintiff intended to name Employees of Farmington Corr. Ctr." as fictitious defendants in this action, or whether he was merely providing information about Klemp and Hanna's place of employment. To the extent plaintiff intended to name "Employees of Farmington Corr. Ctr." as defendants in this action, they will be dismissed.

3

Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, the amended complaint contains no allegations against "Employees of Farmington Corr. Ctr." at all, much allegations that are sufficiently specific to permit their identification after reasonable discovery. Additionally, the fictitious defendants are not only unidentified, they are indeterminate in number, which is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Having reviewed and liberally construed the amended complaint, the Court concludes plaintiff's allegations survive initial review as to defendants Klemp and Hanna in their individual capacities. The Court will therefore require them to respond to the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants "Employees of Farmington Corr. Ctr." are **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Darren Klemp and Ryan Hanna.

Dated this 8th day of July, 2021.

                                              _/s/ Stephen N. Limbaugh, Jr._
                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE