UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RYAN A. LINGFORD,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )        Case No. 4:20CV1623 ACL
                                         )
DARREN KLEMP, et al.,                    )
                                         )
            Defendants.                  )

**<u>ORDER</u>**

This matter is before the court on the Complaint of Plaintiff Ryan A. Lingford on his civil

rights action pursuant to 42 U.S.C. § 1983.   Lingford alleges that Defendants used excessive

force against him while he was incarcerated at Farmington Correctional Center.   Presently

pending before the Court is Lingford's Motion for Appointment of Counsel.   (Doc. 28)

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d).   It is

within the district court's sound discretion whether to appoint counsel for those who cannot pay

for an attorney under this provision.   *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court

should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will

benefit from the assistance of counsel."   *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003,

1005 (8th Cir. 1984).   In addition, the court should consider the factual complexity, the

plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability

to present her claim, and the complexity of the legal issues.   *See Johnson v. Williams*, 788 F.2d

1319, 1322-23 (8th Cir. 1986); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), *cert.*

1

*denied*, 504 U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for Lingford at this point in the litigation.   The undersigned finds that Lingford has clearly presented his claims against Defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel."   Thus, Lingford's Motion for Appointment of Counsel will be denied without prejudice.   "Without prejudice" means that Lingford may later ask for appointment of counsel if he feels it is necessary.


Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 28) is **denied without prejudice**.


Dated this 19th day of November, 2021.


_____/s/Abbie Crites-Leoni_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

2